UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>        Plaintiff,<br><br>v.<br><br>FIESTA PALM LLC db PALMS CASINO RESORT, et al.,<br><br>        Defendants. | 2:11-CV-598 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff National Union Fire Insurance Company of Pittsburgh, PA's motion for entry of clerk's default. (Doc. #12). Defendant Fiesta Palm LLC filed an opposition. (Doc. #21). Plaintiff then filed a reply. (Doc. #23). Also before the court is plaintiff's related motion to strike defendant's answer to the complaint. (Doc. #20). Defendant filed an opposition. (Doc. #24). Plaintiff filed a reply. (Doc. #26).

Defendant declines to give a specific reason why it failed to file an answer within the applicable time frame but does not dispute that its answer is untimely. (Docs. #21 and #24). Instead, defendant argues that the court should not enter default or strike its answer because: (1) plaintiff allegedly failed to comply with the notice requirements set forth in Nevada Rule of Professional Conduct 3.5A; (2) defendant's failure to answer was not willful or in bad faith but was the result of excusable neglect; (3) plaintiff will not be prejudiced if the court declines to enter default; (4)

**James C. Mahan**
**U.S. District Judge**

1  defendant asserts meritorious defenses; and (5) the court has a strong policy of deciding each case
2  on its merits.  (Docs. #21 and #24).

3  Defendant was served on April 26, 2011.  (Doc. #7).  Although defendant does not challenge
4  the sufficiency of service, defendant's counsel Walter Cannon asserts that he was not aware that
5  defendant had been served until September 8, 2011.  (Doc. #21, Ex. J).  After learning that defendant
6  had been served, Mr. Cannon contacted plaintiff's counsel Howard Russell.  (Doc. #21, Ex. J).  Mr.
7  Cannon requested that Mr. Russell forego filing the motion for default because Mr. Cannon intended
8  to file an answer.  (Doc. #21, Ex. J).  Mr. Russell filed the instant motion for default thirty minutes
9  after this telephone conversation.  (Doc. #26).  Mr. Cannon filed an answer to the amended
10 complaint later that day.  (Doc. #13).

11 The parties do not dispute that defendant was in default as of May 17, 2011.  Therefore, Mr.
12 Russell waited almost four months, until the phone call from Mr. Cannon, before seeking entry of
13 default.  As lead counsel for defendant, it was Mr. Russell's duty to ensure that default was entered
14 in a timely manner.

15 Plaintiff asserts that entry of clerk's default is a ministerial act and should be entered in this
16 case as of right.  (Docs. #12 and #20).  Federal Rule of Civil Procedure 55(a) provides: "[w]hen a
17 party against whom a judgment for affirmative relief is sought has failed to plead or otherwise
18 defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default."
19 (emphasis added).  In this case, the clerk's office was not able to enter default because defendant
20 filed an answer immediately after plaintiff filed its motion.  (*See* Docs. #12 and #13).

21 "Default judgments are generally disfavored; whenever it is reasonably possible, cases should
22 be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).  Assuming
23 for the purposes of this motion that default should be entered pursuant to Rule 55(a), the court
24 determines whether there is good cause to set aside an entry of default in this case.  FED. R. CIV. P.
25 55(c) (stating that the "court may set aside an entry of default for good cause").  The good cause
26 analysis considers three factors: (1) whether the party seeking to set aside the default engaged in
27 culpable conduct that led to the default; (2) whether it had meritorious defenses; or (3) whether
28

James C. Mahan
U.S. District Judge

- 2 -

1  reopening default would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The court interprets these factors "liberally." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

The court finds that, assuming the court actually entered default pursuant to Rule 55(a), there is good cause to set aside an entry of default in this case. Therefore, entry of default is not proper. First, plaintiff will not be prejudiced if the court refuses to enter default. The parties have not conducted any discovery in this case, so there is no danger of evidentiary or discovery problems. Second, defendant has made "some showing" of a meritorious defense. *Stone*, 794 F.2d at 513. Finally, defendant's failure to respond does not meet the standard for culpable conduct. *See Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (stating that "conduct is culpable if [defendant] received actual or constructive notice of the filing of the action and *intentionally* failed to answer") (emphasis added). Plaintiff never alleges that defendant intentionally failed to answer the complaint. Accordingly, entry of default under these facts is not proper. Because the court declines to enter default against defendant, the court similarly declines to grant plaintiff's motion to strike defendant's answer.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff National Union Fire Insurance Company of Pittsburgh, PA's motion for entry of clerk's default (doc. #12) and motion to strike answer (doc. #20) be, and the same hereby are, DENIED.

DATED December 15, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -